L. A. McFARLAND v. W. F. QUINN.

(Filed 26 November, 1924.)

**Injunctions—Contracts—Subcontractor—Appeal and Error—Evidence—Findings of Fact.**

Where a contractor is obligated under his contract to complete a certain work, under certain conditions, by a certain date, and subcontracts it to another, who has failed therein, and the original contractor is threatened with irreparable damages, and the subcontractor, by his acts and conduct in interfering with the possession and progress of the work, prevents its completion by the original contractor: *Held,* upon the hearing as

to continuing a temporary order restraining the subcontractor to the final hearing, an order so doing was properly entered, the findings of the court being only conclusive when supported by evidence as to the issuance of such further order.

APPEAL by defendant from an order made by *Cranmer, J.*, at August Term, 1924, of ALAMANCE.

Plaintiff entered into a contract with the Burlington Mills, Inc., by which plaintiff agreed to move certain cotton-mill machinery from Gastonia, N. C., to Burlington, N. C., and to erect and install said machinery in a building owned by said Burlington Mills, Inc., at Burlington. Said contract was to be completed on or before 25 August, 1924. Plaintiff bound himself to do the work in an efficient and workmanlike manner, and to be responsible for all loss sustained by said Burlington Mills, Inc., by reason of broken or lost parts of said machinery or of delay or loss of time by said mills, incorporated.

In the performance of this contract plaintiff made a subcontract with the defendant, by which defendant agreed to erect, install and adjust certain parts of said machinery to the satisfaction of the plaintiff and the superintendent of the Burlington Mills, Inc.

Plaintiff alleges that on 7 August, 1924, defendant had performed only about one-third of the work which he had contracted to do, and that this work was unsatisfactory to the plaintiff and to the superintendent of the mills; that the same had been done in a negligent and careless manner; that important parts of the machinery had been lost or broken, and that defendant throughout his employment had acted in an arbitrary manner and not in good faith; that the time for the completion of the work by plaintiff, under his contract with the Burlington Mills, Inc., was about to expire, and that the mills, incorporated, had notified him that it would hold him liable for the penalty prescribed in his contract for failure to perform the same in accordance with its terms, and that plaintiff is thereby about to suffer great loss on account of the conduct of the defendant, who is insolvent; that the defendant has refused to arbitrate the matters in difference between himself and plaintiff in accordance with their contract, and has refused to accept a reasonable settlement for the work thus far performed by him, but persists in conduct which makes it impossible for plaintiff to assume control of the work and complete it in accordance with his contract with the Burlington Mills, Inc.

Upon these allegations a temporary restraining order was issued and made returnable before his Honor, Judge Cranmer. At the hearing, on 14 August, 1924, Judge Cranmer found that the plaintiff was under obligation to complete his contract with the Burlington Mills, Inc., by 25 August, 1924; that plaintiff had been and was being hindered and

delayed in completing said work by willful acts on the part of the defendant in violation of his contract obligations to the plaintiff. Upon such findings his Honor signed an order enjoining and restraining the defendant from entering upon the premises where the machinery was being installed, and from interfering with, hindering or molesting in any way the plaintiff from completing his contract with the Burlington Mills, Inc.; that said order should continue until the final hearing on the action.

· To the foregoing order the defendant excepted and assigned same as error.

*Carroll & Carroll* for plaintiff.
*Coulter & Cooper* for defendant.

PER CURIAM. Plaintiff was under contract with Burlington Mills, Inc., to install certain machinery in a building owned by the said Burlington Mills, Inc., by a date fixed by the contract. The performance of this contract made it necessary for plaintiff to go upon the premises of the Burlington Mills, Inc., and to have control of the machinery which he had contracted to install. Plaintiff contends that the subcontract which he had made with defendant had been broken by the willful and arbitrary refusal of defendant to perform the same in accordance with its terms, and that by reason of such breach defendant had no right to go upon said premises or to interfere with plaintiff's possession and control of the said machinery. Plaintiff further contends that the defendant's persistence in going upon the said premises and interfering with his possession of the said machinery is wrongful and unlawful. The judge, upon the hearing, finds the facts to be in accordance with the plaintiff's contention. He further finds that defendant threatens to go upon the said premises and to interfere with the plaintiff's possession of the machinery thereon, and that such conduct on the part of the defendant will work irreparable damage to the plaintiff, who is under contract to complete his work by 25 August, 1924.

The order of the judge continuing the restraining order to the final hearing of the action is sustained by the facts, which are admitted in the pleadings and found by the judge upon the hearing. These findings are not conclusive upon the parties, but are for the purpose of disposing of the motion for continuance of the restraining order only. These findings and the order of the judge do not prejudice the rights of the parties at the final hearing of the action.

There was no error in continuing the restraining order.

Affirmed.